PONCE FEDERAL BANK, F.S.B., demandante y recurrido, *v.* AR-BLAS INDUSTRIAL SUPPLIES, INC., interventora y peticiona-ria, SATURNINO NEGRÓN DÍAZ ET ALS., demandados y recu-rridos, JULIO MARIANI e IRENE GARCÍA, interventores y recurridos.

*Número:* CE-86-594          *Resuelto:* 9 de febrero de 1993

*Antonio Zapater Cajigas,* abogado de la interventora y peticionaria; *José A. Solá Amorós* y *Carmelo Sierra Morales,* abogados de Julio Mariani, interventor y recurrido; *Enrique Nassar Rizek,* de *Enrique Nassar Rizek Law Offices,* abogado del demandante y recurrido; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General,* y *Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogados del Estado Libre Asociado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Bajo la Ley Hipotecaria, ¿puede un postor *acreedor-posterior,* cuya acreencia es garantizada por el inmueble objeto de subasta, ofrecer y utilizar el montante de su crédito como parte de su postura? ¿Es necesaria la previa autorización judicial o, a tales efectos, basta una moción jurada que establezca la cuantía adeudada?

I

El 29 de julio de 1985 el Tribunal Superior, Sala de Guayama (Hon. Rafael Pereira Solá), dictó sentencia a favor del Ponce Federal Bank, F.S.B. y condenó a los esposos Saturnino Negrón Díaz y Gladys Esther Rodríguez a satisfacerle dos mil setecientos treinta y dos dólares con catorce centavos ($2,732.14), más intereses, recargos, costas, gastos y honorarios de abogado. Para satisfacerla, oportunamente autorizó la venta en pública subasta de una propie-

dad inmueble, con un mínimo de diez mil dólares ($10,000) para la primera subasta.

Arblas Industrial Supplies, Inc. (en adelante Arblas), titular de tres (3) créditos posteriores garantizados con hipotecas[1] sobre dicho inmueble, una vez notificado del edicto de subasta, presentó el 9 de enero de 1986 un escrito jurado titulado "Moción de intervención e informativa". Expuso ser dueña y tenedora de los referidos pagarés hipotecarios; haber advenido en conocimiento de la subasta que se habría de celebrar; que los demandados le adeudaban sesenta y seis mil ochocientos dieciséis dólares con setenta y cinco centavos ($66,816.75), y que la moción se presentaba a tenor con el Art. 211 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2711, "para los fines previstos en dicho artículo, en el artículo 222 de la misma Ley y en el artículo 186.1 del Reglamento ..." *Exhibit* B, pág. 24. Acompañó fotocopias de los pagarés y solicitó del tribunal que quedara "debidamente informado ... a todos los fines legales pertinentes". Íd.

El 22 de enero de 1986, antes de comenzar la subasta, el alguacil y los otros comparecientes conocieron la intención de Arblas de ofrecer, como parte de su postura, su crédito representado por los pagarés, además de la cantidad que sería inicialmente ofrecida por ella de diez mil dólares con un centavo ($10,000.01). Se esgrimió el reparo de que no había una orden judicial expresa autorizándolo. No se solicitó la posposición de la subasta. El alguacil consultó con el Juez Administrador y después llevó a cabo la subasta, y la peticionaria Arblas pujó ofreciendo dieciocho mil un dólares ($18,001) por la propiedad, cuantía que incluía el mencionado crédito. Como no existía orden judicial al efecto, el alguacil descartó la oferta. La buena pro fue adjudicada a los esposos Julio Mariani e Irene García, quie-

---

[1] Las primeras dos (2) por las sumas principales, respectivamente, de ocho mil dólares ($8,000) y la última por veinte mil dólares ($20,000).

nes ofrecieron diez mil dólares ($10,000). Posteriormente, Arblas impugnó la subasta. Previa vista, el tribunal sostuvo su validez por el fundamento de que el alguacil no estaba autorizado a desviarse de los términos previamente señalados en su orden para la subasta. Consignó que en la "Moción de intervención e informativa" Arblas no solicitó una orden para que el Alguacil le permitiera licitar utilizando un crédito y, además, que la subasta se le adjudicó a un tercero que desconocía la moción informativa de Arblas y podía confiar en el anuncio de subasta.

A solicitud de Arblas revisamos.

## II

■ "Se llaman [ofertas o posturas] las proposiciones de precio de compra que hacen los diferentes licitadores o postores en subasta ...". L. Muñoz Morales, *Lecciones de Derecho Hipotecario*, Río Piedras, Junta Editora de la U.P.R., 1946, T. II, pág. 227.

■ Sabido es que el procedimiento de ejecución de hipotecas, al trastocar los derechos reales, provee ciertas garantías y salvaguardas a los derechos de quienes, de una u otra forma, están ligados al devenir de la propiedad en ejecución. Como en este tipo de procedimiento los acreedores hipotecarios titulares de créditos *posteriores* quedan en una posición precaria, es lógico que la Ley Hipotecaria y del Registro de la Propiedad les brinde algún grado de protección. Véanse: Arts. 210 y 226 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. secs. 2710 y 2726.

A tal efecto, el Art. 211 (30 L.P.R.A. sec. 2711) dispone:

Los acreedores hipotecarios *posteriores* y los titulares de derechos reconocidos en sentencias finales y firmes debidamente anotados o asegurados mediante embargo al crédito que se ejecuta *podrán radicar dentro del procedimiento una moción juramentada* estableciendo la cuantía del crédito que se les adeuda.

*Este trámite será indispensable para poder hacer uso del derecho que les concede la sec. 2722 de este título.*

Sin que se afecte el derecho concedido a determinados acreedores posteriores por la sec. 2722 de este título, el derecho del deudor, tercer poseedor, o sus herederos a cuestionar la cuantía del crédito posterior no paralizará el procedimiento ejecutivo sumario, procesándose por el acreedor del gravamen preferente. Cualquier incidente a estos efectos se resolverá en acción ordinaria independiente ante tribunal competente y no paralizará el procedimiento ejecutivo sumario. (Énfasis suplido.)

Por su parte, el Art. 222 (30 L.P.R.A. sec. 2722) dispone, en lo pertinente:

El acreedor ejecutante podrá concurrir como postor a todas las subastas. Si obtuviere la buena pro en el remate se *abonará* total o parcialmente, el importe de su crédito al precio ofrecido por él.

También *podrán concurrir como postores a todas las subastas, los titulares de créditos hipotecarios vigentes y posteriores a la hipoteca que se cobra y ejecuta*, que figuren como tales en la certificación registral.

*En tal caso, podrán utilizar el montante de sus créditos o parte de alguno en sus ofertas.* Si la oferta aceptada fuere por cantidad mayor a la suma del crédito o créditos preferentes al suyo, al obtener la buena pro en el remate, *deberá satisfacer en el mismo acto en efectivo o en cheque certificado la totalidad del crédito hipotecario que se ejecuta y la de cualesquiera otros créditos posteriores al que se ejecuta pero preferente al suyo, y el exceso constituirá abono total o parcial a su propio crédito.* (Énfasis suplido.)

■ Notamos, pues, que para hacer valer sus créditos sólo se exige la presentación de una moción juramentada del acreedor posterior que establezca la cuantía de su crédito.[2] En la consecución de ese propósito, la ley siempre ha estimado necesario notificarles la subasta. Véanse: H.M. Brau del Toro, *Apuntes para un curso sobre el estado*

---

[2] Véanse, además, los Arts. 186.1 y 189.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. secs. 2003-186.1 y 2003-189.1, edición especial.

*del derecho inmobiliario registral puertorriqueño, bajo la Ley Hipotecaria de 1893*, 48 Rev. Jur. U.P.R. 113, 481–482 (1979); J. Puig Brutau, *Fundamentos de Derecho Civil*, 3ra ed., Barcelona, Ed. Bosch, 1983, T. III, Vol. III, pág. 232; Arts. 171 y 117 del Reglamento para la Ejecución de la Ley Hipotecaria de 1893 (30 L.P.R.A. ants. secs. 1092 y 997).(³)

■ La moción jurada del Art. 211, *supra*, suple la garantía o certeza requerida para los traspasos de bienes inmuebles en un procedimiento ejecutivo hipotecario. Ese es el modo escogido por la ley para acreditar el monto de los créditos de los acreedores posteriores.

■ Una vez presentada la moción jurada, el Art. 222, *supra*, concede al acreedor posterior *el derecho* a pujar y a usar su crédito sin que sea menester otro trámite ulterior; ello independientemente de que no se halla hecho constar en el mandamiento dirigido al alguacil. Un simple examen de las disposiciones pertinentes del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad confirma este dictamen. Véase 30 L.P.R.A. secs. 2003-186.1 y 2003-189.1, edición especial. Ese derecho está reconocido *de iure*. A fin de cuentas, como consigna el Art. 220 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2720, "los autos y todos los documentos correspondientes al procedimiento incoado estarán de manifiesto en la secretaría del tribunal durante las horas laborables", lo que implica acceso por el alguacil y cualquier persona interesada.

---

(³) Así lo reconoció desde época temprana el Derecho Hipotecario peninsular.

"[S]e advierte que el acreedor podrá concurrir como postor, á todas las subastas y no necesitará consignar cantidad alguna para tomar parte en la licitación. También estarán exceptuados de consignar aquélla, los acreedores á que se refiere la regla 5.a, cosa muy natural, porque tienen un derecho constituído sobre el inmueble, aunque con posterioridad al del ejecutante." F. Barrachina y Pastor, *Derecho Hipotecario y Notarial*, Castellón, Establecimiento Tipográfico de J. Armengot é Hijos, 1911, T. III, págs. 172–173.

Sánchez-Cañete añade que cuando los postores con créditos posteriores satisfagan antes del remate el importe del crédito se subrogan en los derechos del actor. B. Camy Sánchez-Cañete, *Comentarios a la Legislación Hipotecaria*, 3ra ed., Pamplona, Ed. Aranzadi, 1983, Vol. VI, pág. 737; Puig Brutau, *op. cit.*, pág. 232.

Erró, pues, el ilustrado juez de instancia al concluir que "[n]o se estaría discutiendo este incidente si el interventor Arblas hubiera solicitado al Tribunal que ordenara al Alguacil que le permitiera ser postor bajo las condiciones que expresa el Art. 222". (Énfasis suprimido.) *Exhibit* I, pág. 42. De igual modo incidió, al hacer constar que "[n]os inclinaríamos a conceder una nueva subasta si se tratara sólo de las partes, pero la buena pro se adjudicó al tercero Julio Mariani que tenía derecho a confiar en el anuncio de subasta y que ni siquiera conocía de la 'moción informativa' de Arblas". Íd., pág. 43. De ese modo olvidó que el anuncio de subasta exponía claramente que la propiedad objeto de venta se hallaba afecta a los tres (3) gravámenes posteriores de la Arblas, dato que notificó eficazmente al licitador Mariani.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López se inhibió.